[PITTSBURG, SEPTEMBER, 1828.]

## SHARPLESS *against* TATE.

### IN ERROR.

On the plea and issue of *non damnificatus*, in a suit on a mortgage given to secure to the plaintiff the future conveyance by certain heirs to him, the plaintiff cannot give in evidence, to show the amount of damages he sustained, that he had, since the suit, purchased of the heirs, and the conveyance from them to him.

WRIT of error to the Court of Common Pleas of *Fayette* county.

The opinion of the court was delivered by

HUSTON, J.—On the 25th of *March*, 1809, *Isaac Hill* and wife conveyed twenty-eight acres of land on the north side of *Redstone* creek to *Jonathan Hill* and *John Tate*, in consideration of fifteen hundred dollars.   On the 20th of *January*, 1810, *Jonathan Hill* and *John Tate* conveyed the same to *Jonathan Sharpless*, in con-

(Sharpless *v.* Tate.)

sideration of fifteen hundred dollars.   On the 4th of *September,* 1799, the will of *John Tate* the elder was made, and proved in *De-cember,* 1799, devising a life estate in certain lands to his son *Robert,* and the fee to his children, and making his widow, *Rachel,* and *S. Jackson,* executors.   On the 21st of *February,* 1809, *Rachel Tate* sells to *Jonathan Sharpless* one hundred and twenty-eight acres on the south side of *Redstone,* patented to *Robert Tate* in 1784, and for which she had a sheriff's deed, but does not say whose title was sold; but it was sold as *Robert's.*   On the same day, on the 21st of *February,* 1809, *Rachel, John,* and *Robert Tate* gave a bond in eight thousand dollars to *Jonathan Sharpless,* reciting the will and deed above-mentioned; and conditioned that the heirs of the said *Robert Tate,* shall, with himself, as they severally come of age, make over all their right, claim, and demand, &c. in the premises to *Jonathan Sharpless.*   On the same day *John* gives a mortgage on the half of one hundred and fifty acres, called *Tates-ton,* to *Jonathan Sharpless* to secure the payment of the said bond. On the 17th of *April,* 1827, *John Tate* and *Edward Tate* (the sons of *Robert,*) reciting all the titles and will; and, that they are the children of *Robert,* to whom this land was devised, sell to *Jo-nathan Sharpless* for fifteen hundred dollars and ten cents.

Jonathan Sharpless ⎱
       v.      ⎰
  John Tate.

No. 273, of *October* Term, 1822.
*Scire Facias* on mortgage.

This is the mortgage above recited.   On the 2d of *September,* 1823, *John Tate* confessed a judgment, by writing filed, for six thou-sand dollars.   On the 15th of *August,* 1826, the judgment was opened to permit *Jonathan Hill,* who had purchased the mortgaged pre-mises at sheriff's sale as *John Tate's* land, to make defence, and the cause was put to issue on the pleas of payment with leave, &c., and *non damnificatus;* to which a special replication was made, stating, that *Sharpless* had been obliged to purchase the land from the heirs of *Robert Tate,* &c., and issues on all.

On the trial of these issues, the plaintiff, after giving in evidence the above deeds, offered to show the amount for which the land sold at public sale, since the bringing this suit, in order to show the value of the land sold by *Rachel Tate* to *Jonathan Sharpless,* to secure which this mortgage was given; at which sale *Jonathan Sharpless* was the highest bidder and purchaser.   This was object-ed to, and rejected, and an exception was taken.   This was the first error assigned.

The plaintiff then proved, by *John Tate,* that at the execution of the mortgage, *Jonathan Hill* knew the object for which the plaintiff purchased the land on the south side of the creek from *Ra-chel Tate,* and that he intended to erect valuable water-works, and offered the same evidence again as in the former bill of exceptions, accompanying it with the offer of the deed from *John* and *Edward*

(Sharpless *v.* Tate.)

*Tate,* the children of *Robert,* to show the sum he was obliged to give for the land, and thus determine the *quantum* of damages. This was again rejected; and forms the second bill of exceptions. There was no error in rejecting this testimony. I do not say, that in no case, on the trial of an issue of *non damnificatus,* can the plaintiff give evidence of what occurs after suit brought; nor do I say that, in any case, he can. It is not necessary to decide that matter in this cause: nor do I decide, that where a man situated as *Sharpless* in this case was, buys in the adverse title to save himself, after making improvements, which he is in danger of losing, his own acts can in no case be given in evidence. Nothing is decided on the general question: but, in this case, after suit brought, and issue joined on the plea of *non damnificatus,* the plaintiff went and purchased the land, and offered that purchase, and the deed which evidenced it, to support an issue joined in a suit brought some years before; and not only to prove that he had suffered damage, but also to prove how much. The court very properly rejected this evidence.

Judgment affirmed.