COUNTY OF LEHIGH v. REUBEN SEMMEL.

ERROR TO THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Argued February 6, 1889—Decided February 25, 1889.

1. Public officers who are paid for their services by fees, take and hold their offices cum onere, and can claim, therefore, no compensation out of the public treasury not specified or provided for in the fee-bill.
2. The duty required of a constable, under § 12, act of May 13, 1887, P. L. 112, to visit at least once a month all places in his district where liquors are sold or kept, etc., is necessarily connected with his duty to make return of such places, under § 11 of the act, and no separate compensation being given none is recoverable.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 269 January Term 1889, Sup. Ct.; court below, No. 40 November Term 1887, C. P.

On October 26, 1887, the defendant appealed from the judgment of a justice of the peace in favor of Reuben Semmel

against the county of Lehigh, and the cause was put at issue by the prothonotary under the plea of nil debet.

At the trial on March 2, 1888, the plaintiff showed that he was a constable of North Whitehall township, elected in 1887; that there were twelve hotels where liquors were sold in said township, each of which he had visited in his official capacity in the months of June, July, August and September, 1887, and the distance traveled in making each visit was about twenty-five miles. No violations of the license law were found.

At the close of the testimony, the court, ALBRIGHT, P. J., charged the jury as follows, to wit:

You have been sworn in an action in which Reuben Semmel is plaintiff and the county of Lehigh defendant. The plaintiff is the constable of North Whitehall township. He has a claim against the county, and it is admitted that before he brought this suit he demanded from the county what he now demands and that the commissioners refused it. It is necessary that this should be shown or admitted before the county can be sued.

The question whether the plaintiff is entitled to recover and how much he should recover, is really altogether a question of law. Mr. Semmel has testified what he did, but whether his testimony is to be believed is a matter for you. It is not contradicted, and no doubt you will take it all for truth. He claims compensation for services performed under the law regulating the sale of liquor, passed in 1887. That statute provides, that each constable shall make return to the Court of Quarter Sessions, which in this county means five times a year, of all places in his district where liquor is sold either with or without license; and it is further provided that it shall be his duty to visit at least once every month all places within his jurisdiction where any liquors are sold or kept, to ascertain if the provisions of this act relating to liquors have been violated or not. Whenever he shall learn of a violation it shall be his duty to make a return to the court. Mr. Semmel testifies that, since this act went into force, he made these monthly visits in June, July, August and September, in his district of North Whitehall; that to do so required about a day's service, and that he traveled about twenty-five miles.

Charge of Court below.

A constable is paid by fees; that is, he is paid for serving various kinds of papers or for arresting a party a certain sum; and for selling property, at a certain rate. Many other officers in this state are paid by fees, and the law is, that where an officer is paid by fees he can claim no compensation for anything that does not come under the fee bill, because it is considered that he takes the office for whatever the fees are. Therefore an officer who is paid by fees cannot be paid by the day or hour or week for any service he may do that is not in the fee bill.

Before this act of 1887 was passed, constables were required to make returns concerning places where liquor was sold; to return the names of the parties who sold, and as to whether there were violations of law. Constables were also required to make returns to the court as to other matters; for instance, whether there was any gambling house, horse racing and the like. So far as making a return to the court is concerned, in the opinion of the court he is not entitled to any pay. That is included in what he was entitled to under the law before the act of 1887 for making return to court. Each constable is allowed $1.50 for coming to court and making his return. The duty imposed by the act of 1887, to make monthly visits, involves labor which the constables had not to perform before, and which strictly speaking does not come under the fee bill. Can a constable recover for this service? The court is of the opinion that he can, for the reason that the constables' fee bill in force provides that the same fees shall be paid " for services not herein specially provided for, as for similar services." In the opinion of the court, this general saving clause implies that where a constable is by law compelled to do something for which pay is not specially provided in the fee bill, he can be paid for it, and the pay is to be ascertained according to the nature of the service, and comparing it with other services which are similar or resemble it. Now, in the opinion of the court, under that clause of the fee bill the plaintiff is entitled to be paid. The fee bill does provide that for travel in the line of his duty he is to be paid six cents a mile, and I think that he is entitled to that for visiting the places in his district that he is required to visit.

Then, shall he be allowed anything outside of the mileage? Counsel for defendant is of opinion that nothing beyond that

should be allowed even if anything is allowed for mileage. [The act of 1887 requires the constables to do something, at the places where liquor is sold. It is true, he is not to serve any paper upon any one nor to arrest any one, but he is to make inquiry, and in my opinion he is entitled to some compensation for that. What shall it be? There are provisions in the constables' fee bill that for serving summons and notices he shall be allowed twenty cents. Then there is provision, that for making his returns to court he is to be allowed $1.50. The doubt in my mind has been which of these two methods is to be applied here. My first impression would be to pay him for visiting each hotel and making the necessary inquiries, the same as for serving a notice; but that perhaps would not be the best way, because there may be a dozen places in a country district and which would require a certain time, perhaps a day or more; then in a town district there may be a dozen places which he is required to visit and can visit in a much shorter time. Then there may be a country district where there are but a few places to visit, and another where the same amount of travel and no more would be required and many would have to be visited. In short, gentlemen, it strikes me that the $1.50 ought to be paid instead of the twenty cents for the case of each house visited. I come to this conclusion because that $1.50 is given to each constable for making his return to court at each Court of Quarter Sessions. That usually takes a day.] [1] Some constables are near the court house and others far off, but the law in its wisdom has seen fit to pay each of them $1.50. [I think that the plaintiff here is entitled to $1.50 each month for visiting the places he is required to visit and making the necessary inquiries, and then six cents a mile calculated from his home and back again to visit all the places in his travels. If you believe that Mr. Semmel did travel twenty-five miles necessarily in visiting the hotels, and that he visited them these four months each month, as he says, then we instruct you he is entitled to recover for each month $1.50 and six cents a mile. If it is twenty-five miles that would be another $1.50, making $3.00 for each month, and for the four months it would be $12.00. If you believe the plaintiff's testimony, and there is no reason, I should think, why you should not, you will render a verdict for the plaintiff for $12.00.] [2] If not, you will return a verdict for the defendant.

The jury returned a verdict in favor of the plaintiff for $12. On motion of defendant, a rule for a new trial was granted.   On July 30, 1888, the rule having been argued, the court filed the following opinion :

A further examination of the question presented has brought me to the conclusion, that a constable is entitled for visiting, monthly, places where liquor is sold as required by the act of 1887, to six cents per mile,. from his home to all the places required to be visited and returning, taking the nearest trav- eled route, and twenty cents for each place necessarily visited, being the fee allowed by the fee bill for serving a summons or notice.

Under this ruling the plaintiff is entitled to a trifling sum more than was awarded by the verdict.   But he seems to be satisfied; he has not asked for a new trial.   A new trial will be granted if he applies for it.

July 30, 1888, the rule for a new trial, entered on defend- ant's motion, is discharged.


Judgment having been entered on the verdict, the defend- ant took this writ, assigning as error :

1, 2. The parts of the charge embraced in [ ] [1] [2]


*Mr. Jas. L. Schaadt,* for the plaintiff in error :

· 1. Section 13, article III., of the constitution, provides that " No law shall extend the term of any public officer, or incease or diminish his salary or emoluments after his election or ap- pointment."

(*a*) A constable is a public officer within the meaning of this prohibition: People v. Hays, 7 How. Pr. 248; Ogden v. Raymond, 22 Conn. 379 (58 Amer. D. 429) ; 2 Bl. Com. 36, 356; Riddle v. Bedford Co., 7 S. & R. 391; Koontz v. Frank- lin Co., 76 Pa. 154; Commonwealth v. Evans, 74 Pa. 124 ; Neale v. Overseers, 5 W. 538 ; Barnet v. School Directors, 6 W. & S. 46 ; Burton v. Fulton, 49 Pa. 151 ; Yealy v. Fink, 43 Pa. 212; 1 Chitty Cr. L. 20–25 ; Russel v. Shuster, 8 W. & S. 309 ; Commonwealth v. Deacon, 8 S. & R. 47 ; McCullough v. Com- monwealth, 67 Pa. 32.

(*b*) Emoluments of office are defined to be, every perquisite, advantage, profit or gain, arising from the possession of an of-

fice : Apple v. Crawford Co., 105 Pa. 300 ; Commonwealth v. Gamble, 62 Pa. 350. For performing the new and burdensome duties required by § 12, act of May 13, 1887, P. L. 112, the constable is expected to bear the expenses necessarily incident to the visits, and it follows that the performance of these duties diminishes the emoluments of his office to the extent that he is out of pocket ; and if this be true, the said section of the act is unconstitutional.

2. If the foregoing view be incorrect, then we submit that the judgment of the court below cannot stand, because there is no statute providing fees for the service which the plaintiff rendered as constable.

(*a*) Fees are a recompense given to the officer for services performed in the execution of his office : Musser v. Good, 11 S. & R. 247. As a prerequisite to the liability of the county, the officer must show : (1) A statute fixing the compensation. (2) A law authorizing or making the county liable to pay for such service out of its treasury : Commonwealth v. Bacon, 6 S. & R. 322 ; Koontz v. Franklin Co., 76 Pa. 154 ; French v. Commonwealth, 78 Pa. 339 ; Bussier v. Pray, 7 S. & R. 447 ; Kline v. Shannon, 7 S. & R. 377 ; Barker v. Pittsburgh, 4 Pa. 49 ; Mercer Co. v. Patterson, 2 R. 105 ; Irwin v. Northumberland Co., 1 S. & R. 504 ; Act of March 28, 1814, § 26, 6 Sm. L. 234 ; Act of March 31, 1860, § 12, P. L. 387.

(*b*) Under § 33, act of March 31, 1856, P. L. 207, it became a constable's duty to return all retailers of liquors, and at each term of the Court of Quarter Sessions to make return on oath, if within his knowledge, of all places within his bailiwick kept and maintained in violation of the act. A similar return was required under §§ 12, 13, act of April 20, 1858, P. L. 368. Likewise, § 11, act of May 13, 1887, P. L. 112, provides that constables shall make return under oath, during the first week of each term of all unlicensed places where liquors are kept or sold. For making the return under all these acts, the constable is allowed by the fee-bill $1.50. But under § 12, of the act of 1887, it is made the duty of the constable to visit at least once a month all places within his jurisdiction where liquors are kept or sold, and whenever he learns of a violation, then forthwith to make return of the same with the witnesses. If, on his visits, he discover no violations, he makes no return

except at the regular term, as the law stood before the act of 1887. The constable takes his office cum onere: Irwin v. Northumberland Co., 1 S. & R. 505; Wayne Co. v. Waller, 90 Pa. 99; Huntingdon Co. v. Commonwealth, 72 Pa. 80.

*Mr. Marcus C. L. Kline*, for the defendant in error:

1. Section 14, act of March 28, 1814, P. L. 359, fixed the fees for constables, returns to the Court of Quarter Sessions, at "50 cents each for one day," and three cents per mile, each mile circular, "to be paid out of the county funds." Section 11, act of April 2, 1868, P. L. 13, does not repeal the act of 1814, in that the services are to be paid out of the county funds, but increases the fees to be paid for such services to $1.50 for making the returns, and 6 cents for each mile circular, "and same fees for services not herein specially provided for." Under § 11, act of May 13, 1887, P. L. 112, the duties of constables are similar to those prescribed by § 33, act of March 31, 1856, P. L. 207; § 13, act of April 20, 1858, P. L. 368; § 6, act of April 12, 1875, P. L. 41; § 5, act of May 21, 1885, P. L. 23. To make these returns the constables are allowed for making the return at each term $1.50.

2. To visit monthly all places where liquor is sold is a new, laborious and burdensome duty, especially in the rural districts and where hotels are numerous. The right to recover for such services need not depend upon an express statutory provision on the subject. "In this state we have always proceeded on the safe principle of requiring statutory authority, either in express terms or by necessary implication, for all such claims upon the public treasury:" Wayne Co. v. Waller, 90 Pa. 103. The provision of § 11, act of April 2, 1868, P. L. 13, "same fees for services not herein specially provided for, as for similar services," indicates that constables should be paid for all services performed. "The right to fees or compensation does not grow out of any contract between the government and the officer, but arises from the rendition of the services:" 5 Wait, Act. & Def., 1. Therefore, notwithstanding § 13, article III., of the constitution, the legislature can enlarge the duties of an officer and increase the same, and, if paid by fees, the officer is entitled to compensation for such extra duties, as for similar services.

OPINION, MR. JUSTICE STERRETT:

This action against the county of Lehigh was brought by Reuben Semmel to recover fees alleged to be due him for official services as constable of North Whitehall township, performed in obedience to the act of May 13, 1887, the twelfth section of which declares : " It shall be the duty of each constable in the county to visit, at least once in each month, all places within their respective districts, where any of said liquors are sold or kept, to ascertain if any of the provisions of this or any act of assembly relating to the sale or furnishing of such liquors have been or are being violated," etc.

The eleventh or next preceding section of the act, declares : " The constable of the respective wards, boroughs, or townships in each county, shall in the first week of each term of the Court of Quarter Sessions make returns under oath of all places in his bailiwick, where vinous, spirituous, malt, or brewed liquors, or any admixture thereof, are kept for sale or sold, except stores kept by druggists and apothecaries, stating which of said places are licensed under this act, and which are unlicensed," etc.    That section is substantially a re-enactment of similar provisions in § 33, act of March 31, 1856 ; § 13, act of April 20, 1858, and § 6, act of April 12, 1875.    It will be seen by reference to these sections that for more than thirty years prior to the passage of the act of 1887, constables were required to make returns substantially the same as those specified in the eleventh section of that act, above quoted.    One of the obligations assumed by plaintiff below when he accepted the office of constable in March, 1887, was to make returns as required by the laws then in force; and that involved the duty of acquiring the information necessary to enable him to correctly and intelligently make the returns.    Compensation for making such returns, including services necessarily connected therewith, is provided for in the fee-bill, and that compensation is as applicable to the returns required by the eleventh section of the act of 1887, as it was to the returns prescribed by prior enactments.    In other words, his official obligation to make returns to each Court of Quarter Sessions is substantially the same now as when he was elected, and that involved the duty of acquiring the necessary information.

The twelfth section of the act of 1887, supra, specifies how

that preliminary duty shall be performed, viz., by visiting places where liquors are sold or kept at least once in each month, etc., and enforces the performance thereof by appropriate penalties. The evil intended to be remedied was the general indifference and carelessness that had long existed in regard to making the required returns. While the duty imposed by law was not wholly neglected, it was generally attended to in the most perfunctory manner, without the slightest effort on the part of many constables to obtain such information as was necessary to enable them to make full and complete returns. Instead, therefore, of prescribing an entirely new duty, requiring services not theretofore contemplated, and for which no compensation was provided, the twelfth section of the act of 1887, was intended, we think, to specifically define and more effectually enforce the performance of an existing duty necessarily connected with the making of a proper return, for which compensation is provided in the fee-bill. In the absence of any specific provision in the fee-bill for services necessarily involved in making a proper return, the reasonable inference is that the compensation allowed for that official act was intended to cover all services necessarily connected therewith.

It was not claimed that any separate or specific compensation for the services in question is given by the fee-bill, but it was contended in the court below that under the clause which allows "same fees for services not herein specifically provided for as for similiar services," plaintiff was entitled to compensation; and he was accordingly permitted to recover as for making each return to court and mileage. In this there was error. Assuming, merely for argument sake, that the services in question are separate and distinct from that of making the required return to court, there is no such similarity between them as to justify separate compensation under the clause of the fee bill above quoted.

Public officers who are paid solely by fees take and hold their offices cum onere. They can claim no compensation for any service not specified or provided for in the fee-bill. It is well settled that they cannot be paid out of the public treasury without statutory warrant therefor: Mercer Co. v. Patterson, 2 R. 108; Irwin v. Commissioners, 1 S. & R. 505, and Wayne

County v. Waller, 90 Pa. 99. In some cases the rule may operate harshly; but the remedy, if any is needed, rests with the legislature alone. The courts have no power either to make or amend fee-bills.

In this case, however, the services in question are so intimately connected with making the required return and so necessary to a proper performance of that duty that they cannot be regarded as separate and distinct services; but, if they could be so regarded, the fee-bill makes no provision for their separate payment, and hence plaintiff below was not entitled to recover.

It therefore follows that both assignments of error are sustained.

Judgment reversed.