J. H. CREMER, Appellant, v. WAPELLO COUNTY, Appellee.

**Sheriffs:** MILEAGE FEES: RECOVERY OF FROM COUNTY. At the expiration of a sheriff's term of office, all uncollected fees charged by him for mileage in the service of process during his incumbency, which are subsequently received from litigants by the clerk, belong to the county and cannot be recovered by the sheriff.

*Appeal from Wapello District Court.*— HON. M. A. ROBERTS, Judge.

WEDNESDAY, OCTOBER 21, 1908.

A DEMURRER to plaintiff's petition was sustained by the district court, and he appeals. The material facts are stated in the opinion.—*Affirmed.*

*A. W. Enoch,* for appellant.

*Seneca Cornell,* for appellee.

WEAVER, J.— The petition alleges that the plaintiff was the duly qualified and acting sheriff of the defendant county from the year 1902 to 1906, inclusive, and that during said period he earned and charged mileage in the service of civil process to the aggregate amount of $1,189.25. Of this sum he actually received during his incumbency of said office the sum of $751.25, leaving uncollected the sum of $438.05. He alleges that since the expiration of said period in office a large part of said last named sum has been paid by parties against whom such fees were taxed into the hands of the clerk of the district court, who, acting under the order of the defendant and its board of supervisors, refuses to pay

it over. On these allegations he asks a judgment for the recovery of the money so collected. The defendant demurred to this petition on the ground that it affirmatively appears that the fees sought to be collected were not collected until after the plaintiff's term of office had fully expired, and that they therefore belong to the county.

The single question presented is whether the plaintiff is entitled to demand and receive from the clerk fees charged by him for mileage earned in the service of civil process during his incumbency of the sheriff's office, but collected after the expiration of his term. The right of the plaintiff to charge and receive fees as sheriff of the county depends solely on the statute. The fees of such office are enumerated in section 511 of the Code, and among them is " mileage in all cases required by law, going and returning, five cents." It is further provided that the sheriff " shall be allowed to retain all mileage collected by him in the service of civil process." Code Supp. 1902, section 510a. The same section further provides that " all fees earned and uncollected at the end of each year shall belong to the county and when paid shall by the clerk of the district court be reported to the board of supervisors and paid into the county treasury." These several provisions so clearly sustain the ruling of the district court as to leave no room for argument. The sheriff is authorized, indeed it is his duty, to charge mileage at the statutory rate for the distance traveled by him in serving process. So far as such mileage is collected by him at the time or during the year, he is entitled to retain it as his own, but if uncollected by him during that period, it " belongs to the county," and it is the duty of the clerk thereafter receiving it to pay it over to the county treasurer. It argues nothing to say that these fees have been rightly earned, and that the officer is entitled to the compensation. His compensation is fixed by law, and, if it be less than he fairly earns, the remedy for the wrong is legislative, and not judicial. It may be further suggested

that the statute as it stands offers a premium for promptness and energy in earning and collecting the fees of the office, and, if the officer permits them to accumulate and remain unpaid until by virtue of the statute his right to receive them is terminated, he has but little ground for complaint.

It will not do to say, as suggested by counsel, that charges for mileage are not " fees " within the meaning of the law, and therefore do not come within the effect of the statute last above cited. The only justification for such charges is found in the statutory fee bill for services rendered by sheriffs, and mileage is one of the items there enumerated.

The demurrer to the petition was rightfully sustained, and the judgment appealed from is *affirmed.*