Dorsett, Appellant, v. Tioga County.

*Costs—Sherriff's fees—Summoning jurors—Mileage—Acts of April 14, 1834, P. L. 333, and July 11, 1901, P. L. 663.*

The sheriff of a county is not entitled to mileage for summoning jurors under the Act of July 11, 1901, P. L. 663.

Argued May 2, 1910. ·Appeal, No. 268, Jan. T., 1909, by plaintiff, from judgment of C. P. Tioga Co., Nov. T., 1907, No. 132, for defendant on case stated in suit of Edward B. Dorsett v. Tioga County.  Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Action for mileage on a case stated.  Before ORME-ROD, P. J., specially presiding.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the judgment of the court for defendant on case stated.

*E. H. Owlett* and *A. B. Dunsmore*, with them *Walter Sherwood*, for appellant.

*Robt. K. Young*, with him *Geo. W. Merrick* and *T. A. Crichton*, for appellee.

PER CURIAM, July 1, 1910:

This was a case stated to determine the liability of the county to the sheriff for mileage for summoning jurors. The duty of the sheriff to summon jurors and the manner of its performance are fixed by the Act of April 14, 1834, P. L. 333. The only provision for compensation for the service is found in the Act of July 11, 1901, P. L. 663, which regulates and establishes the fees to be charged by sheriffs. The first section of this act provides that sheriffs shall receive "For drawing juries for each general and special term or session of court, three dollars, in addition to one dollar for executing each venire, and thirty cents for summoning each juror to attend court, all of these fees to be paid by the county." It is evident that under this provision mileage cannot be recovered. The contention of the appellant is that he is entitled to mileage under a later provision of the same section which is as follows: "For traveling expenses or mileage in serving or executing any of the writs, rules, orders, decrees, processes or performing any of the duties or services herein specified and intended so to be or authorized by law, the sheriff shall be entitled to receive and have taxed as costs ten cents a mile for each mile actually traveled and necessary, the same to be allowed in each separate writ, rule, order, decree, process or service performed; Provided, that he shall not receive more than one mileage, where the plaintiff and defendant, or plaintiffs and defendants, in two or more contemporaneous writs are the same." If this provision stood alone it, perhaps, would not be a strained construction to hold that it covered mileage for summoning jurors. But taken, as it must be, in connection with the prior provision, which expressly fixes the charge for that service, and by implication excludes any other charge not mentioned, we are of opinion that it does not cover plaintiff's claim for mileage.

The judgment is affirmed.