## Commonwealth v. Wyatt.

*Criminal law—Extortion—Tax collectors—Compelling payment of more than amount due.*

1. A tax collector who compels payment, by threat of arrest, of more than the amount exactly due is guilty of extortion.

2. A tax collector's compensation is fixed by law, and the only fees he is entitled to are those set forth in the act of assembly.

3. He cannot demand costs incident to the collection of a tax, where such costs are not provided for by law.

Motion for new trial. Q. S. Cambria Co., Sept. Sess., 1924, No. 246.

F. J. *Hartman* and *Clarence E. Davis*, for Commonwealth.

R. J. *Shettig* and *Arthur A. Nelson*, for defendant.

REED, President Judge of the Orphans' Court, specially presiding, Feb. 23, 1925. — The defendant was indicted for extortion, the prosecutrix being Pauline Byrne. The evidence on the part of the Commonwealth was to the effect that Pauline Byrne is the wife of Edwin Byrne, who resides in Elder

Commonwealth v. Wyatt.

Township, Cambria County, Pennsylvania, and that certain taxes were levied against her in said township, which she had not paid to the duly elected tax collector, Jacob Huber, and that the tax collector gave a warrant to George Wyatt, the constable of Hastings Borough, which warrant authorized him to arrest Pauline Byrne, the prosecutrix, because she had refused to pay delinquent taxes. These unpaid taxes were for road and school purposes, and the warrant which the said George Wyatt had authorized and directed him, in case Pauline Byrne refused to pay the taxes, to convey her to the county prison, there to remain until the same were paid. The evidence further disclosed that when the defendant went to the house of the prosecutrix, he inquired for her, and when he came where she was he told her she was under arrest. He did not make demand for the taxes which had been assessed against her and were delinquent. When Mrs. Byrne asked him why she had been placed under arrest, he apprised her of the fact that it was for non-payment of these delinquent taxes. After the amount of these taxes had been ascertained from the defendant, Mrs. Byrne counted out the exact amount and tendered the same to the defendant by placing it on a table before him, but the defendant refused to take the amount of taxes and demanded $2 additional, which he claimed was for costs incident to the collection of said taxes and the arrest, and upon the refusal of Mrs. Byrne to pay the same, he told her that he would take her to the county jail. Mrs. Byrne still persisted in refusing to pay this additional sum, but her husband finally came to her rescue and paid the $2 that was demanded by the defendant.

The case came on for trial, and there being no disputed facts to be passed on by the jury, the court directed a verdict against the defendant, and his counsel immediately made a motion in arrest of judgment.

At the time of the trial the court was impressed with the fact that the defendant was acting in good faith when he demanded and collected $2 costs, which it is claimed by the prosecutrix he had no right to demand; that is to say, he believed that he had a right to collect this $2, the same being costs incident to the arrest of the prosecutrix by reason of her failure to pay these delinquent taxes which had been levied against her. However that may be, we do not believe that the defendant had any authority in law for demanding and collecting more than the amount of the delinquent taxes. A tax collector's compensation is fixed by the legislature, and the only fees that he is entitled to are those as set forth in the act of assembly in such cases made and provided. In 29 Cyc., 1422, under the heading of "Rights, Powers, Duties and Liabilities of Officers," referring to compensation in fees, the law is stated thus: "An office, as has been shown, is not a contract. The rules of law relative to contracts do not, therefore, apply to the official relation. But the powers, duties, rights and liabilities of officers are to be governed by that branch of the law spoken of as the law of officers. One of the rights which, by that law, is commonly credited to officers is the right to compensation, fees or emoluments where provision is made by law for such compensation. It follows from this rule that officers have no claim for official services rendered either against the government, a legal corporation or an individual where no provision has been made by law for compensation for such services, and that the performance of the duties gives the de facto incumbent of the office no claim to the official compensation." This rule seems to obtain in many of the states, and has been recognized in this State in the case of Will v. Eberly, 8 Lanc. Bar, 105, also in the case of Com. v. Abraham, entered to Nos. 135, 136 and 137, September Term, 1916, in the Court of Quarter Sessions of Cambria County, a case similar to the one at bar, wherein Judge O'Connor, in

refusing a motion for a new trial and in arrest of judgment, said: "We can find no warrant or authority for a deputy collector of delinquent taxes to require the payment of the item of costs complained of."

In the case of Lehigh County v. Semmel, 124 Pa. 358, it was held that: "Public officers who are paid salary by fees take and hold their office *cum onere*, and they can claim no compensation for any service not specified or provided for in the fee bill. It is well settled that they cannot be paid out of the public treasury for statutory warrant therefor: Mercer County v. Patterson, 2 Rawle, 106; Irwin v. Commissioners, 1 S. & R. 505, and Wayne v. Waller, 90 Pa. 99. In some cases a rule may operate harshly, but the remedy, if any is needed, rests with the legislature alone. The courts have no power either to make or amend fee bills." See, also, Rothrock v. Easton School District, 133 Pa. 487, and Albright v. Bedford County, 106 Pa. 582.

It follows, therefore, that, inasmuch as the defendant had no legal right to collect the $2 which he demanded and received from the prosecutrix, he is guilty of extortion, and for that reason the motion in arrest of judgment is denied.

And now, Feb. 23, 1925, for the reasons above stated, the motion on the part of the defendant in arrest of judgment is denied and the defendant is directed to appear for sentence on the first Monday of March, 1925.

From Henry W. Storey, Jr., Johnstown, Pa.