Benson, Sheriff, Appellant, *v.* Bradford County et al.

210

Argued November 17, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William M. Rosenfield,* with him *William P. Wilson* and *J. Roy Lilley,* for appellant.

*William G. Schrier,* County Solicitor, for appellee.

OPINION BY BALDRIGE, J., January 29, 1937:

This appeal originated by a petition for a declaratory judgment. The question in dispute is: May the sheriff in the county of Bradford, a county of the seventh class, collect and retain for his own use money covering the mileage prescribed by the existing fee bill, or is he required to pay it into the county treasury as the property of the county? The learned court below rendered a judgment for the defendant, and the plaintiff appeals. We find no ground for reversal.

By the Act of March 17, 1933, P. L. 14, §1 (16 PS §2814), the annual salary of sheriffs of the seventh class was fixed at $3,000, "in addition to any expenses which may be incurred by such sheriff in the performance of his duties." The same session of legislature, by the Act of June 1, 1933, P. L. 1141, §1 (16 PS §2661a), established an entire and complete fee bill for sheriffs in all counties, and fixed 10 cents a mile circular as mileage in serving or executing writs, etc. Section 2 (16 PS §2661b) of the fee bill provides that in all the counties where the sheriff is compensated by a salary, all fees and commissions which he shall be required or entitled to charge or receive for official acts or services shall belong to the county, "but [he] shall be entitled to all mileage and other allowances for costs and expenses chargeable by him ...... and such a sheriff shall be entitled to deduct from any fees or commissions collected by him and due to the county any overdue items for his salary or the compensation of his deputies, clerks, or other agents, or for mileage or other allowances aforesaid ...... provided he shall furnish the county treasurer of the county with itemized statements of such deductions ......"

The county commissioners notified the sheriff to pay into the county treasury, without deduction, all fees, commissions and mileage, offering, however, to reimburse him for his actual expense of travel, including depreciation of his personal automobile, or to supply him with an automobile at the expense of the county. The sheriff contends that under the provisions of the sheriff's fee bill, supra, he is entitled to retain for his own use the mileage allowed by law and furnish such mode of transportation as, in his judgment, is necessary; that mileage is not a fee within the meaning of the Constitution, but is merely a reimbursement for travelling expenses: 2 Bouvier's Law Dictionary 2209. The county commissioners' position is that the sheriff

is entitled only to actual expenses and that the Act of 1933, supra, in so far as it permits the sheriff to retain mileage for his own use, is in contravention of article XIV, §5, of the present Constitution of Pennsylvania, which provides, in part, as follows:

"The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county or State, as may be directed by law."

Definitions are not conclusive, as the constitutional question involved depends upon the sense in which that document refers to and uses the term "fees." The answer to the question, Is mileage a fee as that word is used in the section of the Constitution quoted? depends on whether it is used in its broad and inclusive meaning, embracing all emoluments of office. If so, then mileage is within its contemplation.

An examination of the various fee bills enacted by the legislature reveals that both before and after the adoption of the Constitution (1874), mileage, although referred to as travelling expenses, was allowable only by virtue of statutes fixing the fees of sheriffs. The Sheriffs' Fee Bill of February 22, 1821 (7 Sm. L. 367), §3, included under the term "fees," an allowance per mile for "traveling expenses for each mile actually traveled ......" The Sheriffs' Fee Bills of July 11, 1901, P. L. 663, §1, and June 1, 1915, P. L. 677, use the term "traveling expenses or mileage." Thereafter, "traveling expenses" is omitted in the fee bills; they simply designate "mileage" as charges allowed the sheriff for travel in the performance of his official duties.

When compensation was paid by fees, a sheriff could save for his own use part of the mileage as the allowance therefor was generally liberal. The entire fee system, with its opportunity for abuses, undoubtedly was intended to be regulated by the Constitution, and

the word "fees" was not used in a restricted, but in a comprehensive, sense. That the intent of the framers of the Constitution was so understood is indicated by the Act of March 31, 1876, P. L. 13, entitled, "An Act to carry into effect section five, of article fourteenth, of the constitution, relative to the salaries of county officers and the payment of fees received by them into the state or county treasury, in counties containing over one hundred and fifty thousand inhabitants." The salaries of county officers were fixed by the act, and section 15 (16 PS §2240) provides:

"The salaries fixed and provided by the foregoing provisions, shall be in lieu of all or any moneys, *fees,* perquisites *or mileage* which are now or may hereafter be received by any officer named in this act; and all said moneys, fees, mileage or perquisites, received by any of them as compensation, fees or perquisites, from any source whatever, shall in all cases belong to the county, and shall be paid into the treasury, (except where required to be paid to the state) as provided in this act." (Italics supplied.)

That section of the statute appears to be still in force and unamended, unless that portion of the Act of 1933 which we are considering is constitutional. The Act of 1876 does not, by its terms, affect counties of the seventh class, but, following so closely the adoption of the Constitution and intended to carry it into effect, it is indicative of the interpretation that should be given to the term "fees" as used in the Constitution. In *Com. v. Mann,* 168 Pa. 290, 298, 31 A. 1003, the court stated:

"The Act of 1876 following so soon the Constitution of 1874, it may be presumed the legislature knew the old law, the mischief or abuses under it, as well as did the members who framed the Constitution, and the people who adopted it. The large compensation of officers paid by fees in large counties for years before

was felt to be a wrong on the public ...... It is difficult for those who have come to the bar since to realize the abuses of the fee system in large counties before that time ...... When, as to such counties, the legislature, as part of a new system, declared 'all fees' which the county officers were 'entitled to charge or receive shall belong to the county in and for which they were severally elected or appointed,' it meant, and could only mean all the fees pertaining to the county office, and which, from the character of the office, the incumbent earned and received. It did not mean one half the fees over and above a certain amount, or the act would have said so."

See, also, *McCleary v. Allegheny County,* 163 Pa. 578, 30 A. 120. In *Schuylkill County v. Wiest,* 257 Pa. 425, 428, 101 A. 761, the court stated, in discussing this constitutional provision and acts of assembly, including the Act of 1876, supra:

"An analysis of the enactments, constitutional and legislative, will clearly show the fixed intention to confine a salaried county officer to his salary as compensation for all services rendered in his official capacity."

The term "fees," as used in the Constitution, has been interpreted to include all sums received ·in an official capacity whether they be designated "fees" or "commissions" (*Schuylkill County v. Pepper,* 182 Pa. 13, 37 A. 835; *Bachman's Appeal,* 274 Pa. 420, 118 A. 363), except where the county officer acts as an agent of the Commonwealth: *York County v. Fry,* 290 Pa. 310, 138 A. 858. Such is not the situation in the case at bar.

Mileage is allowable as a fee, and is permitted only by virtue of a fee bill. Public officers who are paid a salary take and hold their offices cum onere and cannot claim any charges not provided for in the statutory fee bills: *Lehigh County v. Semmel,* 124 Pa. 358, 16 A. 876; *Dorsett v. Tioga County,* 228 Pa. 628, 77 A. 1016;

*Fry v. Berks County*, 38 Pa. Superior Ct. 449. If the term "mileage", as used in the fee bill acts, had been intended as compensation for expenses incurred, this would not permit the officer to retain the difference between his actual expenses and the mileage allowed by law: *Com. v. Fry*, 183 Pa. 32, 38 A. 417. In *Susquehanna County Auditors' Report*, 118 Pa. Superior Ct. 47, 53, 180 A. 148, the county commissioners charged, and were allowed, 10 cents a mile circular for the use of their automobiles in county business. We held there that the commissioners could not reap a profit from the use of their cars, and were entitled only to reimbursement for actual expenses on a reasonable mileage basis. The commissioners were accordingly surcharged with the difference.

The same question as in the case at bar is exhaustively discussed in a very capably written opinion by Judge BROWNSON in re *Washington County Controller's Report*, 25 D. & C. pp. 519 to 542, in which the Act of 1933, supra, was declared unconstitutional in so far as it attempts to permit salaried sheriffs to retain, for their own use, the difference between their actual expenses and the mileage of 10 cents per mile allowed by law. That the personal advantage to a sheriff is, in some instances, very substantial is shown in that case, where the difference between the sheriff's actual costs and mileage collected amounted to $3,886.16, or a sum equal to nearly 60 per cent of his salary.

In *Roberts v. Board of Commrs. of Brown County (Ind.)*, 99 N. E. 1015, the statute fixing sheriffs' fees provided that "they shall in no sense belong to and be the property of the sheriff, but shall belong to and be the property of the county." The sheriff sued to recover statutory mileage allowed on service of writs, alleged to have been erroneously paid to the county treasurer. The question before the court was whether mileage allowed by law is considered a fee on account of serv-

ices rendered in the discharge of official duties, or whether it is reimbursement for expenses in which event it would belong to the sheriff personally. The sheriff contended, as here, that "mileage," as construed by lexicographers and judicial opinion writers, was not compensation for services, but reimbursement to a public official for expenses incurred in his official duties. The court held that mileage allowed the sheriff fell within the meaning of the term "fees" as used in their statute and was intended as compensation. See, also, *Cremer v. Wapello County (Iowa)*, 117 N. W. 954.

That mileage is a fee and not intended as a reimbursement for expenses is further demonstrated by the other provisions of the Act of 1933, supra. Section 1(f) provides that a sheriff for services in drawing and summoning jurors shall be entitled to charge one dollar and mileage and necessary expenses for each juror drawn; section 1(h): for each arrest, one dollar and mileage, in addition to necessary help and expenses.

The appellant earnestly argues that if mileage is a fee, then the judges of the courts and members of the general assembly are not entitled to mileage allowed under existing statutes, because the Constitution provides that they shall receive no compensation, fees, or perquisites of office other than the compensation allowed by law. Sections of the Constitution dealing with judges and legislators are quite different from those relating to county officers, paid upon a fee basis. The salaries of the latter are paid from or restricted to fees collected. In *Susquehanna Auditor's Report*, supra, President Judge KELLER, the writer of the opinion, pointed out that the law as to certain public officers recognizes payment of mileage as reasonable.

The appellant complains of the failure of the court to define the procedure to be followed by him to obtain reimbursement for his mileage. We agree that the county commissioners cannot control his method of

transportation by compelling him to use an auto supplied by the county, and dictate petty details, such as the type of oil, tires, etc., to be used, and, as we understand, they make no such demand on him, but state that if he does use his own car, he is entitled to only the actual costs of transportation, including reasonable depreciation.

We concur with the learned court below that mileage received by the plaintiff in the discharge of his official acts is a fee and that part of the Act of 1933, supra, providing for his retaining of mileage, is unconstitutional.

Judgment affirmed.