County Auditors of McKean County, Appellant, v. Anderson.

476

Argued October 24, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*W. D. Gallup,* with him *F. D. Gallup* and *E. G. Potter,* of *Gallup, Potter & Gallup,* for appellant.

*Joseph P. Willson,* with him *F. J. Woods* and *Robert B. Apple,* for appellee.

OPINION BY STADTFELD, J., December 16, 1938:

This is an appeal by the County Auditors of McKean County from a judgment in favor of A. R. Anderson, Recorder of Deeds of said County, defendants, sustaining an appeal from the report of the auditors for 1934, surcharging the said Anderson, Recorder, for certain fees collected by him for the preparation of abstracts of title.

The facts agreed upon as stated in the opinion of HUBBARD, P. J., who heard the case without a jury, are substantially as follows: "That A. R. Anderson has been Recorder of Deeds for McKean County since the first Monday of January, 1920; for the first twelve

years his compensation was made up of fees, and since January, 1932, he has had an annual salary of $3,000, the County of McKean having become a county of the sixth class in January, 1931; that during the year 1934, defendant prepared abstracts of title for which he received compensation amounting to $879.62, in addition to $164.50 which he paid for typewriting the abstracts and $212.08 which he paid to the county for certificates (plaintiff not contending that these amounts for typewriting and certificates should be charged against defendant), and that he applied the said $879.62 to his own use and did not account to the county therefor, part of this amount having been paid to him by checks payable to him personally and part by checks to 'A. R. Anderson, Recorder,' but that no permanent record of the receipts of the money was kept by him; that the work of abstracting was mostly done by C. C. Choate, the duly appointed and acting Deputy Recorder of Deeds, who did most of the work during regular office hours, but some of it after such hours, (there being nothing to show, in said statement, how much was done during office hours and how much thereafter); that the receipts for abstracting were divided equally between defendant and C. C. Choate; that for many years it has been the common practice of those requiring abstracts of title (meaning, doubtless, not a universal practice, but one indulged in merely by those who so desired), without solicitation by the defendant, to have abstracts prepared by defendant or C. C. Choate; that defendant never represented that he or C. C. Choate prepared abstracts as Recorder of Deeds, that such abstracts did not bear his certificate as Recorder of Deeds nor the official seal of his office, but that bound to and forming part of said abstracts were certificates of liens under his hand and official seal and the hand and official seal of Joseph R. Carvolth, Prothonotary, for which McKean County received payment; that abstracts consist of memoranda from deeds and other records in

the Recorder's office, showing titles to lands, and entail the examination of the various records found in the offices of the Prothonotary, Treasurer, Register of Wills and Commissioners of McKean County." The amount involved is $879.62, with interest from December 31, 1934.

The office of the Recorder of Deeds was established by the Act of 1715, May 28th, 1 Smith's Laws 94, Section 1, and from time to time, by various Acts of Assembly (Act of 1755, March 18, 1 Smith's Laws, 422, Section 6; Act of 1921, May 16, P. L. 649), the duties of the Recorder have been enumerated, but in none of the Acts is the Recorder directed to make abstracts. There is no statutory requirement on the subject here at issue.

The Act of Assembly of June 29, 1923, P. L. 944, sec. 1, 16 PS sec. 2431, fixed the annual salaries of certain officers in counties of the sixth class. The recorder of deeds was one of these officers. When this Act was passed, McKean County was a county of the seventh class. By reason of increase in population, as shown by the 1930 census, McKean County became a county of the sixth class.

Article XIV, Section 5, of the Constitution of Pennsylvania provides that: "The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county or State, as may be directed by law."

"To enforce this constitutional obligation, the Act of March 31, 1876, P. L. 13, in both sections 1 and 15, directed that all such sums received should be paid to the respective counties, 'and none of said officers shall receive for his own use ......any fees for any *official services* whatsoever' ": *Bachman's Appeal*, 274 Pa. 420, 423, 118 A. 363. (Italics supplied).

Section 6 of the Act of Assembly of June 29, 1923, P. L. 944, relating to sixth class counties, section 1 of

which fixed the salary of Recorders of Deeds, reads as follows: "The salaries fixed and provided for by this act shall be in lieu of all moneys, fees, perquisites, mileage, expenses, and other allowances which are now or may hereafter be received or allowed to such officers, except such fees as may be received by them when acting as agents of the Commonwealth. All such moneys, fees, mileage, or perquisites shall be received and collected by such officers, shall belong to the county, and shall be paid into the county treasury, and all said officers shall be entitled to receive from the county all necessary traveling expenses incurred in the administration of their office."

As stated in the opinion of the trial judge: "The making of certificates of liens, mentioned in the statement of facts, is an example of a service which is clearly a legal duty which the Recorder must perform. These certificates are under the hand and official seal of A. R. Anderson as Recorder. The fees for them he must turn over to the county, and he has done so. The abstracts, on the contrary, do not bear the certificate of defendant as Recorder of Deeds or his official seal and the services in preparing them do not purport to be official acts. Whether or not these services fall within the meaning of the words of the law, the court must determine."

The answer to the question involved depends upon the meaning we are required to place on the words "moneys, fees, perquisites ...... which are now or may hereafter be received" which "shall belong to the county, and shall be paid into the county treasury."

The word "fee" has been defined: "A compensation or payment for service rendered, especially professional service." (Webster's Dictionary).

"Perquisite" has been defined: "An allowance paid in money for a thing beyond the ordinary salary or fixed wages for services rendered; especially a fee allowed by law to an officer for a specific service." (Webster's

Dictionary). "A reward, a compensation, a profit, or a gain arising out of, or received because of, the possession of a public office." (48 C. J. p. 1037). "Something received incidental and in addition to regular wages, salary, etc." (Century Dictionary).

"Moneys" does not add an additional matter, but evidently is embraced in "fees" and "perquisites."

The Act of April 2, 1868, P. L. 3, Sec. 8, 16 PS sec. 2881, provides a schedule of the fees to be charged for the several services to be performed by the Recorder, but contains no provision for "abstracts" or any fee therefor.

The question of public policy does not enter into the question. That is a matter for determination by the Legislature. We cannot read something into the Act which is not there. The charge for "abstracts" is not provided for and necessarily not contemplated.

The Recorder's office is a public office and the records therein are public records open to the inspection of the public at large. The Recorder is merely the custodian thereof and "abstracts" therefor may be made by any one. There being no provision in the Act of Assembly for the making thereof, nor any compensation provided therefor, we cannot say that the making thereof by the Recorder is an *official act*. Service not required by the law cannot be classed as official duties. The abstracts furnished did not bear the seal of the Recorder, nor were they certified to by him.

It is not alleged, that in doing the abstracting, defendant appellee, or his deputy, neglected the duties for which they received salaries.

The provision of the Constitution which requires county officers who are compensated by salaries, to pay all "fees" into the treasury of the county or state, includes all sums collected in an *official capacity,* whether they be designated as "fees" or "commissions": *Bachman's Appeal,* supra, 423; *Benson v. Bradford County,* 125 Pa. Superior Ct. 209, 214, 189 A. 577.

The court below held that the service performed in the preparation of abstracts was not a legal requirement of the office, and the moneys resulting therefrom were not official income within the meaning of the Act of 1923, P. L. 944, and the county was therefore not entitled thereto. We see no error in this conclusion.

Decree affirmed.