## BRINGHURST and wife *against* CUTHBERT and another.

*Philadelphia,
Saturday,
July 30.*

The testator
devised to trus-
tees the dividends
and income of
8000 dollars old
six per cent. stock
of the *United
States* for the
separate use of
his niece, and
upon the trust
and confidence
that they would
receive the divi-
dends & income,
and apply the
same *for the sup-
port of the said
niece and the
maintenance
and education of
her children.* He
also gave to the
same trustees the
*principal* of the
said 8000 dollars
as the same
should be paid off
and discharged by
the government,
to be held in trust
and applied as he
had before direct-
ed with regard to
the dividends and
income thereof.

THIS was a case stated for the opinion of the Court, in the following terms:

*Peter Knight,* late of the *Northern Liberties* of the city of *Philadelphia* merchant deceased, by his last will and testament dated the 18th day of *September* 1798, gave and bequeathed to *Thomas Cuthbert* and *Anthony Cuthbert* the defendants above named, " the dividends and income of " eight thousand dollars six per cent. stock, debt of the " *United States* in the funds of the *United States,* to them " the said *Thomas* and *Anthony* their heirs executors and " administrators, for the separate use of his the said *Peter* " *Knight's* niece *Elizabeth Brewster* wife of *William Brew-* " *ster,* and upon the express trust and confidence that they " the said trustees should receive the said dividends and " income, and apply the same for the support of the said " *Elizabeth, and the maintenance and education of her chil-* " *dren."* And he also gave and bequeathed to the said trustees their executors and administrators, " the sum of six " hundred dollars money on the same trust and to the same " uses to which he had given the income of the said eight

*Held,* that the trust did not cease upon the death of the niece and the arrival of her children at lawful age; but that the trustees were to pay to the children the entire dividends of the stock, including the annual instalment of principal, until the whole should be redeemed by the *United States.*

" thousand dollars, and in aid of and by way of addition to " the said income." He also gave to the said trustees " *the* " *principal of the said eight thousand dollars as the same* " *should be paid off and discharged by the government of the* " *United States, to be held in trust and applied as he had* " *before directed with regard to the dividends and income* " *thereof.*" [Prout the said will.] The executors of the said will assented to the said legacy to the said *Thomas* and *Anthony Cuthbert* as trustees aforesaid. The said eight thousand dollars six per cent. stock was duly transferred to them on the books of the treasury of the *United States,* and the said sum of six hundred dollars duly paid to them. During the life time of the said *Elizabeth Brewster,* the dividends and income of the same were regularly paid to her. On the 16th day of *September* 1808, the said *Elizabeth Brewster* died, leaving two children, to wit, *Margaret* the wife of *Robert Bringhurst* the plaintiff, which said *Margaret* became of full age on the 22d day of *March* 1807, and *Peter K. Brewster* who is yet a minor. After the death of the said *Elizabeth,* the said trustees paid the interest on the stock and monies so bequeathed for two years, one half to the said *Robert Bringhurst* the plaintiff in right of his said wife *Margaret,* and one half to *William West* guardian of the said *Peter K. Brewster.* Since that time they have refused to pay the said interest dividends and income or any part thereof to the said *Robert* in right of his said wife or otherwise, and have also refused to pay the principal monies or any part thereof to the said *Robert* or his said wife. The said trustees have since the death of the said *Peter Knight* sold the said eight thousand dollars six per cent. stock of the *United States,* and have now in their hands the proceeds principal and interest of the said legacy, the sum of 7150 dollars 69 cents.

The questions submitted to the Court are,

1. Is the said *Robert Bringhurst* in right of his said wife entitled to any and what part of the principal monies and interest now in the hands of the said *Thomas* and *Anthony Cuthbert,* the proceeds of the said legacy?

2. If the Court shall be of opinion that the said *Robert* is not entitled to any part of the principal monies aforesaid,

is he entitled to be paid any and what part of the interest thereon?

Judgment shall be entered conformably to the opinion of the Court.

The material part of the testator's will being recited in the case, it is only necessary to state further, that after the bequest above mentioned, he gave a great many pecuniary legacies to different persons; and then devised "all the rest "of his estate real personal or mixed, after his debts, funeral "expenses, and the preceding legacies were paid," to five persons, one fifth each.

*Hare* for the plaintiffs. 1. One half the principal is payable to the plaintiffs. A devise of the dividends of stock, is the same as a devise of the stock; and where there is a gift to trustees to pay the produce to *A,* without words limiting the duration of the trust, it is a gift of the principal. 1 *Fonbl.* 169. 174., 1 *Bro. Ch. Rep.* 532. The use was not entirely in Mrs. *Brewster* during her life, because it was intended that the trustees should have the management of the fund for the benefit of the children. It was a trust, not a use executed. 7 *Bac. Ab.* 124, *Uses and Trusts, H.* 3. But since her death, and the arrival of Mrs. *Bringhurst* at lawful age, the use is executed in her as to a moiety, particularly as the fund has been converted into money. The testator intended the principal to pass, and not under any circumstances to fall into the residue; because the residue is bequeathed after payment of the legacies.

2. But at all events a moiety of the interest is payable. Although education may be limited to minority, maintenance is not. The whole beneficial interest was clearly intended for the children; and the bequest was in effect an annuity, for such is the stock.

*J. R. Ingersoll* for the defendants. The testator intended that the legacy should remain a trust so long as the stock was unredeemed, because he gives the principal to the trustees *as* it should be paid off and discharged. They are therefore to have the management of the fund for that time.

Where dividends of stock are given directly without the

intervention of a trust, there is some reason for construing it a gift of the capital or stock; but where a trustee is interposed to apply them, the *cestuy que trust* can never call for a transfer of the principal. The sale of the fund in this case is not material, because the question is whether the plaintiffs have title; and that must depend upon the will.

BRINGHURST
et ux.
*v.*
CUTHBERT.
et al.

2. As to the interest, the trustees merely wish the opinion of the Court; but in answer to the plaintiff's argument, it is to be remarked that the provision after Mrs. *Brewster's* death can only be for the maintenance and education of her children, both of which terms have in equity an ascertaine d reference to infancy or minority.

TILGHMAN C. J. The intention of the testator is not as clearly expressed as could be wished, because he is not explicit as to the principal of the 8000 dollars stock of the *United States.* Yet considering the nature of that stock, I think it may be concluded that he did not mean that any part of it should return to the mass of the residue of his estate. The six per cent. stock is no more than an annuity for years, part of the principal being sunk annually. At no distant period then, the whole will be paid. It would be giving a construction too hard against the legatees, to say that the trust should cease when the mother should be dead and the children arrive at the age of twenty-one. It is true that their *education* is mentioned, but so also is their *maintenance*, which would be as expensive after the age of twenty-one as before. The words of the will may bear this construction, that the whole dividends paid by the government annually should be applied to Mrs. *Brewster* and her children. As to the time past then, the trustees may now pay the full amount of all the dividends which would have been received if the stock had not been sold, and the same rule may be adopted in future. This is going as far as can reasonably be done in favour of the legatees. The principal could not be paid to them without disregarding the will of the testator.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment accordingly.