# Fry, Appellant, *v.* Berks County.

*Public officers—Compensation—Extra services—Office cum onere—
County treasurer.*

1. Public officers who are paid a salary take and hold their offices
cum onere. They can claim no compensation for any services not
specified nor provided for in the fee bill established by statute.

2. A county treasurer who is compelled to employ counsel and print
a paper-book in mandamus proceedings against him as treasurer, can-
not recover the expenses of such employment and printing.

Argued Nov. 10, 1908. Appeal, No. 80, Oct. T., 1908, by
plaintiff, from judgment of C. P. Berks Co., Sept. T., 1907,
No. 57, for defendant on case stated in suit of Henry H. Fry
v. Berks County. Before RICE, P. J., PORTER, HENDERSON,
MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine liability of county to county

450        FRY, Appellant, *v.* BERKS COUNTY.

Statement of Facts—Opinion of Court below. [38 Pa. Superior Ct.

treasurer for expenses incurred in employing counsel and printing paper-book in mandamus proceedings to compel him to pay alleged illegal warrants.

ENDLICH, J., filed the following opinion:

This is an action of assumpsit, in which a case has been stated for the opinion of the court. In December, 1905, the then county treasurer refused to pay a warrant in favor of Wm. B. Bechtel, Esq., for $2,200, signed by a majority of the county commissioners and countersigned by the deputy county controller, the claim having been approved as legal and valid by the then county solicitor. The payee thereupon obtained an alternative mandamus upon the treasurer. His term expiring on the first Monday of January, 1906, the plaintiff, his successor, employed counsel to defend the pending proceeding, filed an answer which was demurred to, and upon argument obtained the judgment of this court which was adverse to the relator. An appeal was taken to the Supreme Court, contested by plaintiff through his counsel and resulting in the affirmance of that judgment: Bechtel v. Fry, 217 Pa. 591. For counsel's services in this matter and printing of paper-book plaintiff expended the sum of $266. In February, 1906, the plaintiff as county treasurer refused to pay two warrants drawn upon him by the poor directors, but not countersigned by the controller, aggregating $910.73. The payees in these warrants instituted proceedings by mandamus against plaintiff, which again through his counsel he successfully resisted in this court, its judgment upon demurrer to his return sustaining his action. His expenditure for counsel fees in the latter cases was $50.00. For these several expenditures he demanded and was refused reimbursement by the county commissioners, whereupon he brought this action. The question now to be decided is whether the county is liable to pay him, and that question is to be approached on the footing of the familiar rules that whatever is declared by way of fact in a case stated is to be accepted as verity, and whatever is not expressly declared in it is taken not to exist.

When the decision in the Bechtel case was rendered in this

court denying the relator's right to compensation from the county for professional services which had been of substantial advantage to it, it was felt to be unfortunate that the law would permit no other judgment. It is with a like feeling of regret that upon careful consideration of the present case by both of the judges of the court, they find themselves constrained to hold a like ruling unavoidable here.

The decision of the Supreme Court in the Bechtel case settles (1) that the county treasurer has no right to pay an illegal warrant which so appears on its face or of whose illegality he has express notice or sufficient warning to put him upon inquiry; (2) that the Bechtel warrant was an illegal one, because in part it was in payment of services for the performance of which there was no antecedent contract of employment and as to the remainder it was in payment of services for the performance of which the county commissioners had no power to contract with him; (3) that of all this the treasurer was affected with notice; and (4) that therefore it was his duty to refuse payment. Concerning the other warrants mentioned in the case stated it is enough to say that they could not lawfully have been honored by the treasurer because not countersigned by the county controller: Com. ex rel. Hollenhbach v. County Treasurer, 16 Pa. Dist. Rep. 481; Com. ex rel. Warner v. Fry, C. P. Berks Co., No. 18, March T., 1906. It follows that as to all of these warrants it was the duty of the treasurer to withhold payment and that a voluntary payment of them by him would have rendered him and his bondsmen liable.

Next it admits of no question that in obedience to the alternative writs of mandamus it became necessary for the treasurer to take action insuring a return thereto. Section 9, Act June 8, 1893, P. L. 345, provides for the intervention of and return by a third party interested, upon his petition and its allowance by the court. No. doubt, in all these cases the county was an interested party. It may very well be that the treasurer refusing to pay a warrant drawn upon him and required by process of mandamus to justify such refusal, is entitled to call upon the county commissioners, where the ground of refusal is one which the county can set up, to proceed under the enact-

ment referred to with a view to assuming the burden of the contest. If he does so and the commissioners apply for leave and are admitted to make the return the matter is thenceforth in the charge of the county solicitor or in case of his inability or disqualification to act of such special counsel as the commissioners shall have lawfully employed; and it would seem that thereupon no further responsibility for its outcome can rest upon the county treasurer. If the commissioners fail to accede to his demand, it is evident that he is bound to proceed. Whether or not it is his duty to make the demand need not be here decided. Where, as is alleged in the case stated with respect to the Bechtel warrant, both a majority of the commissioners and the solicitor are committed to the legality of the payment, the principle Lex non cogit ad vana seu inutilia may excuse a demand whose fruitlessness might fairly be regarded as a foregone conclusion. This however does not apply to the other warrants. As to them the presumption must be that the commissioners would have done their duty. But it does not follow that even upon a refusal on their part the treasurer was bound at once to employ counsel. He might in the first instance have contented himself with making a return setting forth his position in such terms as he himself was able to formulate. Section 13 of the act 1893 expressly provides that certainty to a certain intent in general is all that is required in the return and that, if the same be defective, an opportunity for correction may be afforded; thus guarding against an adverse judgment by reason of informality. It is conceived that a treasurer who does as indicated, after demanding the intervention of the commissioners to protect the interests of the county, or under circumstances palpably such as to make a demand of that sort hopeless, will in the event of a demurrer to the return be protected by a judgment of the court in any payment thereafter made by him in obedience thereto. On the other hand, it is not intended to suggest that a treasurer ought to limit himself to the exigencies of mere self-protection in resisting a claim he believes unlawful. A larger sense of his obligations as a citizen and the promptings of public spirit may and perhaps ought to lead him to do just

what this plaintiff did, that is to engage competent counsel and contest the claim to the finish. But in so doing, as is pointed out by Mr. Justice BROWN, in Bechtel v. Fry, 217 Pa. 591, 598, he is asserting the right not of his office, but of any taxpayer interested in the payment of money out of the public treasury. He stands in the position of one coming into court with a taxpayer's bill to restrain an unlawful expenditure of the county's money. Of course no one will contend that such a plaintiff could upon a successful or unsuccessful issue of the litigation make any claim upon the county for reimbursement of his costs and counsel fees.

The industry and research of the learned counsel for plaintiff have discovered no decision in Pennsylvania or elsewhere on all fours with this case. They have directed attention to a number more or less closely approximating it. As regards any superficial analogies between them and this case, it is well to remember that analogies amount to very little in law. They are, Judge WOODWARD says in Overman's App., 88 Pa. 276, 286, just as likely to misguide as to guide safely. Even a logical deduction from the proposition involved in one decision is not necessarily made the law by it: per HALSBURY, L. C., in Quinn v. Leathem, L. R. (1901), A. C. 495, 506. But a careful examination of the decisions referred to shows them to be readily distinguishable by simply keeping in mind that the treasurer refusing to pay an unlawful warrant, in so far as he acts as an official, acts for his own protection against personal liability, and in so far as he acts for the protection of the county stands upon his right as and acts upon the footing of a taxpayer. A coroner employing the services of a surgeon at an inquest: see Allegheny County v. Watt, 3 Pa. 462; Northampton County v. Innes, 26 Pa. 156; Allegheny County v. Shaw, 34 Pa. 301; Re Coroner's Inquest, 1 Pa. C. C. Rep. 14; Pickett v. Erie County, 3 Pa. C. C. Rep. 23; Marvin Shaft Inquest, 3 Pa. C. C. Rep. 10; a sheriff, keeper of the county prison, providing fuel to make it habitable: Richardson v. Clarion County, 14 Pa. 198; a trial judge in a capital case directing the boarding and lodging of the jury at a public house: Commissioners v. Hall, 7 Watts, 290; the court of common pleas,

having the control and custody of a fund paid into the hands of the prothonoatry by its order and therefore empowered to see to the protection and proper distribution of the money, directing an attorney to institute and conduct a suit in the name of the county against the prothonotary's sureties for the recovery of the sum: Northampton County v. Steele, 1 Mona. 582; a judge for the purpose of expediting the public business ordering the transcription of opinions by a typewriter: Rosenthal v. Luzerne County, 11 Kulp, 183; a board of prison inspectors incurring reasonable expenses in examining the practical workings of a system expected to be introduced in the institution: Mogel v. Berks County, 154 Pa. 14; the governing body of a municipality employing an attorney for the safeguarding of its rights and interests in a suit to which it or one of its officers is a party: Powell v. Village Trustees, 19 Johns. (N. Y.) 284; Babbitt v. Savoy Selectmen, 57 Mass. 530; a county treasurer, required by statute to prosecute suits for the collection of taxes due the county and expressly allowed his expenses in the performance of official duties, employing an attorney to conduct such suits: State v. Hamilton County, 26 Ohio St. 364; all these were public officials exercising powers delegated to them and in the exercise of them acting exclusively in their official capacities as the immediate representatives of the public and purely in its behalf, not for their own protection nor by virtue of their rights as private citizens. The rule that where the compensation of a public officer is fixed by statute he cannot recover additional compensation for expenses incurred incidentally to the performance of his official duties. Albright v. Bedford County, 106 Pa. 582, must not be understood either as derogating from or as displaced by the other that the express grant of a power carries with it by implication whatever is essential to make its exercise effectual: Com. v. Conyngham, 66 Pa. 99. Each of these rules has its own legitimate sphere of operation. Expenses incident to the performance of a duty enjoined and compensated are one thing; a power to bind the county implied in the grant of another power, because the latter could not without the former be carried out, is a very different thing. In all the above cases,

and it is safe to say in every other well-considered case reaching similar results, there was a distinct power which the officer in question was bound in duty to exercise, but which could not have been effectually exercised except in connection with the additional power to impose upon the public treasury the expense arising therefrom, which additional power must for that reason be deemed to be implied in it. A very different proposition, and one much more pertinent to the question now before us, would be involved in a concession that, e. g., the county controller may make the county liable to an attorney employed by him to advise him upon the multifarious questions of law that constantly confront him in the discharge of his official duties. It has indeed been decided in Wyoming County Auditors, 14 Pa. Dist. Rep. 539, and Niles v. York County, 15 Pa. Dist. Rep. 717, that county auditors may, when necessary for the performance of their duties, do so without the sanction of the county commissioners. Possibly this is good law arising from an absolute need of such assistance to men inexperienced in functions which call them together but once in a year for a short period; from the impracticability of depending upon the county solicitor for it especially where the commissioners' interests may be at stake; and from the disproportion any sum adequately remunerative of the services of counsel would bear to the compensation received by the auditors. But it furnishes no ground for holding that the controller may employ counsel at the expense of the county. That, on the contrary, he cannot is clear from the fact that it needed the Act of March 28, 1907, P. L. 37, to enable him to do so in certain counties. And yet the reasons operating in favor of the existence of such a power on his part are vastly more obvious and cogent than any that can be urged in behalf of the recognition of a similar authority on the part of the treasurer or any other county official. Public officers are chosen at least in part in reliance upon their ability and disposition even at some personal sacrifice to perform the duties of their offices according to law. To them, as to all other persons, the principle applies that "every man must, in the first instance, interpret the law for himself in·endeavoring to

456        FRY, Appellant, *v.* BERKS COUNTY.

Opinion of Court below—Opinion of the Court. [38 Pa. Superior Ct.

obey it:" Boom Co. v. Dodge, 31 Pa. 285, 288. It cannot consistently with this principle and the doctrine enunciated by the Supreme Court in Bechtel v. Fry, 217 Pa. 591, be true that when such an officer finds himself face to face with a situation in which he must determine what course of action his legal duty to the county and the protection of his bondsmen require of him, or where for these purposes he is in his official capacity compelled to defend an action, he may regard himself as the agent of the county vested with a power superior to that of the commissioners to engage special counsel to advise and represent him, whose compensation will thereafter be a charge upon the county treasury. If under any conceivable state of facts such a rule could be justified, those here presented would furnish a meritorious occasion for its application at least so far as the larger item of plaintiff's claim is concerned. But in point of principle there is no warrant for it at all, and in point of practical bearing it is fraught with so many manifest dangers, inconveniences and temptations that is is not entitled to consideration as capable even under exceptional circumstances of consisting with sound public policy.

For these reasons, whilst impressed with the plaintiff's view of his duty and with his promptness and efficiency in performing it, as well as with the value of the outcome to the county as compared with the moderate sum here sought to be recovered from it, we are clearly of the opinion that there is no tenable ground on which the action can be sustained, and therefore—

It is ordered that judgment be entered upon the case stated in favor of the defendant.

*Error assigned* was the judgment of the court.

*George W. Wagner,* of *Wagner & Leidy,* for appellant.

*Adam B. Rieser,* county solicitor, for appellee.

OPINION BY ORLADY, J., February 26, 1909:

A case stated was filed in an action of assumpsit, to determine a question of the liability of the defendant county to pay certain

counsel fees and expenses incurred by the plaintiff, the county treasurer, in defending certain proceedings instituted against him as such treasurer. The court below entered judgment upon the case stated in favor of the defendant.

Practically the same question was disposed of in Bechtel v. Fry, 217 Pa. 591, and the reasoning of that case applies with equal force to the one now before us. No fair-minded person can dispute the fact that the plaintiff here has rendered services to the county which were valuable and advantageous to it. Nor in this proceeding is the reasonableness of the compensation allowed him in dispute, if he is entitled to be compensated for his services, but if they were rendered as the return avers, and as for present purposes the court must believe, without a distinct and binding antecedent employment with reference to the specific matters in which they were rendered, they must be treated as having been to that extent voluntarily rendered for the public good, without right to claim or authority to accord compensation therefor out of the county treasury. When he accepted his office, he assumed all its burdens; public officers who are paid solely by fees, take and hold their offices cum onere. They can claim no compensation for any services not specified or provided for in the fee bill. It is well settled that they cannot be paid out of the public treasury without statutory warrant therefor, and as such a statute cannot be shown, there is no right of recovery, however meritorious a service may be; no compensation for such service is provided by the statute, none can be recovered: Lehigh County v. Semmel, 124 Pa. 358; Rothrock v. School District, 133 Pa. 487; Schuylkill County v. Pepper, 182 Pa. 13.

The judgment is affirmed.