## Commonwealth v. Kugler

*Clyde W. Teel*, assistant district attorney, for Commonwealth.

*Lewis R. Long*, for defendant.

FRACK, J., February 7, 1944.—Betty Kugler on February 16, 1943, pleaded guilty to an indictment charging her with "acceptance of bawd money". She was sentenced to pay a fine of $250, the costs of prosecution, and to serve not less than six months nor more than one year in the Northampton County Prison. She served six months and was paroled. At the time she was paroled, she paid her fine of $250 and costs in the total sum of $509.19.

The items of costs are made up largely of witness fees. At the time of the payment of the bill of costs, Betty Kugler filed exceptions to the amounts of witness fees appearing on the court clerk's costs docket for 13 of the 17 Commonwealth witnesses who were subpœnaed for her case. She requested a taxation of the bill of costs relating to witness fees.

The witness fees on the costs docket were compiled under the following system. As each witness was subpœnaed for appearance at the trial of this defendant, he was handed a witness fee card. At each half-day session of court the witness presented his witness card at the office of the clerk of quarter sessions where it was punched, in order to show that he was attending court as required by the subpœna. When the court term was ended, each witness presented his punched witness fee card to the court clerk. The witness fee card as filed was the basis for a compilation of the witness fees

which are considered payable by the clerk of quarter sessions as a part of the costs of the case. This card also evidenced the district attorney's approval of the payment of witness fees to the various witnesses and also showed that the district attorney considered them necessary and proper witnesses.

Defendant pleaded guilty on the ninth day of the February term of court. Seven witnesses, namely, Frank, Lux, Yonik, Ruppert, Menikheim, Caflin, and Moser, by their cards showed that they had attended nine days of court in connection with this case and six witnesses, namely, Pinsky, DelGross, Dech, Filbert, Bachman, and Haring turned in cards showing that each attended eight days in court in connection with this case. The clerk compiled the witness fees for each witness attending nine days of court at $27 and for each of the said witnesses attending eight days at $24. No mileage was computed for any witness. The foregoing named witnesses are the 13 Commonwealth witnesses whose fees are attacked.

Pursuant to the request for a taxation of costs, a hearing was held by Walter J. Young, clerk of quarter sessions court; and he taxed as costs for each of the foregoing witnesses who attended court for nine days fees in the amount of $27 and for each witness who attended eight days fees in the amount of $24. Defendant appealed from the taxation of the costs and she filed exceptions and specifications to the items to which she objected, together with specific reasons and grounds for her objections.

The grounds of appeal from the taxation of costs and the specifications assigned by defendant in her appeal are 16 in number. Each specification suggests that defendant's case was one of many cases of a similar nature tried in the February term, 1943. The cases referred to involved eight defendants indicted

separately for various offenses, the charge, however, being either pandering or transporting females for the purpose of prostitution, or accepting bawd money. All defendants had their cases heard separately and successively by one and the same judge.

In the aggregate, 16 days were required to dispose of all these companion cases. The first defendant tried was found guilty on his indictments on the second trial day of the court term. A second defendant was then tried and found guilty on the fifth day. As time went on, other defendants were tried and convicted on various subsequent days, with the result that on the sixteenth day the eighth successively tried defendant was convicted by the jury.

Some of the witnesses were subpœnaed for two cases and some of the witnesses were subpœnaed for as many as 17 cases. There is testimony that in the costs docket of the clerk of quarter sessions court appear entries of charges for witness fees for Frank, Lux, Ruppert, Yonik, and Menikheim in eight cases. Each of these cases is against a separate defendant. The compiled charge for fees against each of these eight defendants has no relation to the number of indictments tried against each defendant. There is one set of fees for each defendant, regardless of the number of cases tried against him or her. The witness Caflin is credited with charges on the costs docket for five cases. The charge compiled for the witness DelGross is for six cases; for the witness Dech for six cases; for the witness Filbert for two cases; for the witness Bachman for seven cases; for the witness Haring for seven cases; and for the witness Moser for seven cases. It is this situation which counsel for defendant refers to as duplication of witness fees in the cases of eight defendants, and he even refers to it as duplication for 17 cases, which is the total number of indictments tried against the eight defendants in the aggregate.

One specification of objection assigned by defendant in her appeal is that "A witness in criminal cases is entitled to only one day's pay, without regard to the number of cases in which he or she testified." As a general proposition this is correct law, for the Act of July 21, 1941, P. L. 425, sec. 3, 28 PS §416.3, specifically provides that "A witness necessarily present for more than one proceeding at the same place during any day shall be paid but once for such period." When the depositions and the facts of this case are considered, however, section 3 of the Act of 1941 does not help defendant.

The right to recover costs in this Commonwealth rests entirely on statutory enactments: Steele v. Lineberger et al., 72 Pa. 239, 240. The Act of July 21, 1941, the most recently enacted statute regulating payment of compensation to witnesses and taxation thereof as costs, superseded earlier acts, and was intended as a "general law on the subject": Walker v. Pennsylvania R. R. Co., 151 Pa. Superior Ct. 80. Section 2 of the act provides: "Every witness shall be paid at the rate of three dollars ($3) per day during the necessary period of his attendance." The 13 witnesses whose fees are taxed, and now objected to, were subpœnaed and present in court. One was present in court as deputy sheriff and his fees will be specially considered. Twelve witnesses are entitled to be paid by this defendant, unless they were previously paid for the same day or days by some other party in a case heard at the same court term. There is no proof of any payment of any witness fees whatever to all or any of these witnesses. These 12 witnesses are entitled to their fees. They have, under the existent facts, a right to elect to collect them from Betty Kugler, for they were witnesses in her case.

Another objection is made to the payment of the witness fees in question on the ground that "the only witnesses who testified against defendant in this case

were H. J. Menikheim, Charles Young, Irene Strowe and Dianne McIntyre". The complete answer to this contention is section 7 of the Act of 1941, wherein it is enacted that "witnesses who attend any proceeding under subpœna, but who are not called to testify therein shall receive the same compensation they would receive if actually called".

As we stated before, appellant objects to payment of the witness fees charged for each of the 13 witnesses hereinbefore named. As to all of them she sets forth 13 objections—one for each witness. To quote the objection to one witness verbatim will suffice, because the same verbiage is used for each of the other witnesses except that the name of the witness is different and the number of days may be different by one day. Thus, she objects, using her language:

"To allowance of witness fees to W. W. Frank for nine days. The said W. W. Frank, in attendance upon this court for several other cases tried at the same term of court, and witness' pay have been charged for him against other defendants; and if defendant is compelled to pay said witness for nine days, said witness will receive a duplication of witness' fees for each day's attendance in court, in violation of section 3 of the Act of 1941, P. L. 425, which provides, 'a witness necessarily present for more than one proceeding at the same place during any day shall be paid but once for such period'."

We, therefore, have the same ground of objection for each of the 13 witnesses in the first 13 paragraphs of defendant's appeal from the taxation of costs by the clerk of the court. Counsel for Betty Kugler realizes, however, that his client cannot escape entirely the payment of witness fees in connection with the aforementioned witnesses and suggests that the law requires an equal division of witness fees for the said witnesses among all the defendants, in a manner stated in the appeal to be as follows:

"The cost of attendance of the above-named witnesses at court for some several seventeen cases tried at the same term of court, against several defendants, should have been evenly divided against all the defendants and not placed against the one defendant in this case, and one defendant only, the defendant being Betty Kugler."

It is urged that the cost of compensation for attendance at court of all the witnesses in the Kugler case (on the theory that they were witnesses in 17 cases) must be *evenly divided* among all the defendants, by reason of the provisions of the Act of 1941, supra.

Words of a statute cannot be extended beyond their plain meaning: Walker v. Pennsylvania Railroad Co., supra. The legislature provided in section 3 of the Act of 1941 that "A witness necessarily present for more than one proceeding at the same place during any day shall be paid but once for such period". Does the language that a witness "shall be paid but once" require as a statutory right that in this case the day's compensation for the witness must be "evenly divided" among all the defendants in the 17 cases tried in the February term, 1943? When the legislature considered what compensation should be paid to a witness "present for more than one proceeding at the same place during any day", it could have inserted in the act, if it deemed proper, a mandatory provision referable to an even division of the costs among all the parties. "Having failed to do this, we cannot, by judicial construction, insert in the statute something the legislature saw fit to omit therefrom": Lehigh County v. Sefing, 289 Pa. 33, 36. We hold that the Act of 1941 has no mandatory requirement that the costs for the 13 witnesses in the Kugler case, who were concerned in different degrees in the 16 companion cases, must be evenly divided among the eight defendants involved in said 17 cases.

Although appellant in her exceptions insisted on an "even division" of the costs as a mandatory statutory right, we will consider her exceptions on a ground not clearly set forth but nevertheless vaguely suggested. In appellant's brief, there is practically an abandonment of the claim that the cost of attendance of the said witnesses should have been evenly divided against all the defendants. Counsel asserts in his brief: "It is respectfully submitted that to do justice to all the witnesses and all the defendants, it is suggested to this court that there were 18 days of court in all and that each defendant should pay for the various witnesses subpoenaed for his or her case, for the time that the case was actually being tried before the court. There might be some trouble in applying this rule because not all the witnesses were the same in every case. However, they were for the most part the same witnesses subpoenaed in each case and this would be doing substantial justice". No case was cited to support this position and argument of counsel.

So that it may not be said that appellant's exceptions were considered only on the narrow grounds in which they were stated, we shall consider said exceptions as properly raising a question of equitable control by the court over the costs involved in this case.

From the very earliest times the question of costs seems to have been particularly one depending on the equitable judgment of the court. See DeBenneville v. DeBenneville, 1 Binn. 46, Commonwealth v. Wood et al., 3 Binn. 414, Fisher v. Rick, 2 Woodward 435, Commonwealth v. Smith et al., 4 Pa. C. C. 321. See also the opposing dicta in Horner v. Harrington, 6 Watts, 331, and Curtis v. Buzzard, 15 S. & R. 21.

As is conclusively shown by the opinion of Judge Smith in Commonwealth v. Kocher, 23 Pa. Superior Ct. 65, the taxation of costs is a matter for the exercise of judicial discretion. The first syllabus of that case is as follows:

"In disposing of the costs in a criminal prosecution, the discretion of the grand jury, of the petit jury, and of the court, is in its nature judicial, and is to be guided in its operation by the general principles that govern the exercise of judicial discretion. It may be reviewed only so far as to determine whether its exercise is judicial or arbitrary; and it is only an abuse of this discretion that is subject to correction".

Judge Smith reviews important cases, and shows that, while there are some variations, yet the underlying principle as to the court's control over costs in criminal cases is correctly set forth in the syllabus.

Were we to *divide evenly* the costs for the 13 witnesses among the eight defendants, we would find that these 13 witnesses were present in court in varying numbers of cases against varying defendants for varying numbers of days. An even division of the costs, therefore, would be purely arbitrary and not an exercise of equitable judicial discretion.

If we should apportion the costs as appellant suggests, when her counsel in his brief says "each defendant should pay for the various witnesses subpœnaed for his or her case, for the time that the case was actually being tried before the court", such an apportionment would likewise be arbitrary. This method of apportionment would be impractical by the admission in appellant's brief that there would be "some trouble because not all the witnesses were the same in every case". To this, it might be added that the number of witnesses was smaller for some of the earlier cases tried. In the exercise of judicial discretion it is not permissible to apply a rule which omits provision for the payment of witness fees for every witness for each day in attendance at court. Any equitable apportionment requires that each witness be assured his statutory per diem compensation for each day's attendance at court.

The fundamental weakness of appellant's case in asking for an *even division* or an *equitable apportion-*

*ment* of the costs in this case is that it would have to be done on an arbitrary basis. The depositions are insufficient to provide a basis for the exercise of judicial discretion. The whole theory of appellant is that the costs for witness fees should be split eight ways; that appellant should be required to pay one eighth of the bill of costs or approximately one eighth. The testimony in the depositions is highly general. It is not particularized. The depositions are silent on many matters which, it seems to us, we should know in order to exercise judicial discretion. We do not know who the witnesses were on each of the 17 indictments. We do not know what the disposition was of each indictment. We are to assume perhaps that the defendants are to pay the costs in each indictment and yet we know that one indictment against appellant was withdrawn. Because the costs are suggested to be divided between eight defendants, we are to assume that, at the time the costs of this case were paid and taxed pursuant to a hearing, there were final judgments against all eight defendants when we know that at that time five defendants were on bail with a supersedeas during the pendency of their appeals to the Superior Court. We are to assume perhaps that each defendant is able to pay and will pay the costs which are legally payable. We are to assume perhaps that none of the defendants will challenge for any cause any of the witness fees in their case or cases excepting for the cause or reason assigned by this appellant. None of the other seven defendants is presently before us on a question of taxation of costs, so that any purported apportionment made in this case would not be binding on them. Several of the defendants are, at the time of preparation of this opinion, still on bail with a supersedeas by reason of their appeal from their conviction. If we should apportion costs now and some other defendant could not pay his share later, what would happen? Other problems relating to apportion-

ment could be enumerated. We shall not do so. We are satisfied that to apportion the costs under the facts and circumstances could not be done in accordance with rules governing judicial discretion. Appellant was sentenced to pay the costs of prosecution. The fees of Commonwealth witnesses are costs of prosecution. The witnesses are entitled to their fees in full now. The clerk of the court has received the costs in this case. Twelve of the 13 witnesses should be paid. If appellant, having paid, has in fact and in law any right of contribution from the other defendants, she can institute an appropriate proceeding.

We have stated 12 of the 13 witnesses should be paid. We must sustain appellant's objection to the payment of witness fees to Herman Pinsky.

Herman Pinsky attended court as a deputy sheriff during the February term, 1943, for a total of 19 days, nine of which are the same days for which he was credited as being a witness in the taxed costs in this case. He was required in his official capacity as deputy sheriff to attend court and to bring into court and remove therefrom prisoners for arraignment, trial, or sentence, or witnesses held in custody. For the performance of these duties while required to be actually present at court, under the Act of June 1, 1933, P. L. 1141, sec. 1($j$), 16 PS §2661a, he was entitled to be paid by the county the sum of $5 per day. Vouchers for a total of $95 for the aforesaid 19 days for Herman Pinsky were included in the February county payroll and the county paid the same (see testimony of Ackroyd). Said Act of 1933, sec. 1, does not provide for a fee for a sheriff or a deputy sheriff for being a witness while he is required to attend court in his official capacity.

Public officers who are paid a salary take and hold their offices cum onere. They can claim no compensation for any services not specified nor provided for in the fee bill established by statute: Fry v. Berks County,

38 Pa. Superior Ct. 449; Benson, Sheriff, v. Bradford County et al., 125 Pa. Superior Ct. 209 (affirmed 326 Pa. 454).

A witness is not entitled to a fee where he is present at court by virtue of his duty as a salaried public official: Commonwealth ex rel. Freytag v. Philadelphia County Commissioners, 6 Binn. 398; 5 Pa. Standard Practice 477, c. 22, sec. 582. We hold, therefore, that Herman Pinsky is not entitled to witness fees.

And now, February 7, 1944, specification 7 of appellant's appeal from taxation of costs relating to Herman Pinsky is sustained, and the other 15 specifications of the appeal are overruled and the clerk of quarter sessions court is directed to pay the witness fees taxed as costs for the witnesses in this case other than Herman Pinsky.